ROIG COMMERCIAL BANK, PLAINTIFF AND APPELLANT, v. HEIRS OF LUGO, DEFENDANTS AND APPELLEES.

APPEAL, from the District Court of Humacao in an Action of Debt.

No. 3208.—Decided June 18, 1924.

VENUE—JURISDICTION—SUBMISSION.—An obligation to pay at the domicile of the creditor does not of itself alone imply a submission to the court of the district in which the creditor resides.

ID.—ID.—AFFIDAVIT.—An affidavit of merits in support of a motion for change of venue may be made by the defendant's attorney when the defendant is absent from the district where the attorney resides. The affidavit may be made on information and belief, and if the attorney states that he believes that his client has a good defense the affidavit should not be excluded as insufficient because it fails to state in detail the merits of the defense.

ID. — ID. — RESIDENCE. — When there are several defendants and none of them resides in the district where the action is brought and it does not appear that they submitted to the court of that district, the case should be transferred to the court of the district where the person moving for it resides, although all of the defendants do not reside in that district.

The facts are stated in the opinion.

Messrs. González Fagundo & González, Jr., for the appellant.

Mr. M. F. Rossy for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This case comes up on a motion for change of venue. The complaint was filed in the District Court of Humacao and a motion was made to transfer the case to the First District Court of San Juan. The court sustained the motion and the plaintiff appealed to this court on the ground that the trial court erred in granting the change of venue on the sufficiency of the affidavit of merits exhibited in support of the motion.

We have considered the matter carefully and agree entirely with the conclusion reached by the District Court of Humacao and the reasonings contained in its opinion delivered as a basis for the ruling.

District Judge Berga expressed himself as follows:

"The object of the complaint in this case is to recover on a promissory note for $2,500 alleged to be signed by the heirs of E. Lugo Viña. They are the widow, Lucía R. de Lugo Viña, and Eduardo, Aurora, Lucía and Andrés Lugo Viña, and bound themselves to pay that amount when due at the offices of the plaintiff Roig Commercial Bank in Humacao. After the complaint was filed in this district court defendant Lucía Rossy de Lugo Viña, the widow, moved for a transfer of the case to the First District Court of San Juan and in the affidavit of merits made by the attorney for the said defendant it was stated that she resided at the time in the town of Lajas, having lived for about two months in San Juan and another two months in Guayama; that it was her intention to reside permanently in San Juan, and that the residences of the other defendants were as follows: Andrés and Eduardo, San Juan; Aurora, Lajas, and Luz Eugenia, New York. In the motion for change of venue made by said defendant Lucía Rossy de Lugo Viña it was stated also that although she still held her domicile in New York, it was her intention to live in San Juan.

"On November 12, 1923, the said motion was heard, both parties being present.

"In opposition to the change of venue the plaintiff alleges that when the defendants agreed to pay the note at its maturity in the bank of the plaintiff at Humacao they submitted themselves to the jurisdiction of this court. But this contention is untenable, for such submission could have been agreed to only by a written stipulation of the parties wherein the defendants expressly submitted themselves to the jurisdiction of this court, the court not being authorized to infer such submission from their agreement to pay in Humacao. Section 77 of the Code of Civil Procedure; *Korber & Co., Inc.,* v. *Colón et al.,* 30 P.R.R. 718.

"The plaintiff also alleges that the affidavit of merits has no value because it is not sworn to and signed by the defendant herself, Lucía Rossy de Lugo Viña, but by her attorney on her information, and because it does not set forth the merits of the defendant's case.

"Section 82 of the Code of Civil Procedure provides that when the defendant moves for a change of venue he shall file an affidavit of merits. This affidavit, according to section 118 of that Code, may be made by the attorney for the defendant when, among other cases, the defendant is absent from the district in which the attorney resides, and the affidavit may be made on information and

belief.   In this respect the affidavit substantially fulfills the require-
ments of the statute.    *Nazario* v. *Atlas Assurance Co.,* 24 P.R.R. 336.

"The attorney, Manuel F. Rossy, who resides in San Juan, avers
in the affidavit of merits that he 'has examined this case and the
antecedents here set forth and is of the opinion that the defendant
has a good cause of action and has a right to defend herself in order
to protect her substantial rights.' In the verification the said at-
torney states that he 'is the attorney for Lucía Rossy de Lugo Viña
in this case and has prepared the present affidavit of merits accord-
ing to her instructions; that he believes the statements and allega-
tions contained herein to be true; that he knows they are true be-
cause of her information; that as such he swears to them, and that
Lucía Rossy does not do so because she is in the town of Lajas
without means of coming to make the affidavit personally.' In the
case of *Bithorn* v. *Ball,* 17 P.R.R. 549, it was held that 'an affidavit
which sets out that the defendant has faithfully stated to his at-
torney the facts of the case, and that in the opinion of his counsel
he has a good defense on the merits to the complaint, is a full com-
pliance with the requirements of our statute on that subject.' That
case was cited in *Cintrón* v. *El Zenit,* 26 P.R.R. 260.   It was held
also in *Padró* v. *Pérez,* 28 P.R.R. 372, that a motion for a change
of venue wherein it is alleged under oath that 'the defendants have
stated the case fully and fairly to their attorney and he has in-
formed them that they have a good and substantial defense on the
merits, and the defendants actually so believe' is of itself sufficient.
In the present case, even though a meticulous mind might find
some formal defect in the affidavit, it is sufficient to fulfill the ends
of justice.

"The plaintiff finally alleges that there should be no change of
venue because all of the defendants do not reside within the dis-
trict of San Juan.   Indeed, in the motion and affidavit of merits
it is stated that defendants Andrés and Eduardo Lugo Viña reside
in the district and city of San Juan and that defendant Lucía
Rossy de Lugo Viña intends to reside in San Juan, ward of San-
turce, which would not be sufficient to warrant the change of venue
if she were the only defendant, but as none of the defendants
resides in the district of Humacao, as appears from the affidavit,
this court could acquire jurisdiction only by the submission of the
parties, and inasmuch as the said defendant is the only one that
has appeared, the other defendants have not submitted and the sub-
mission of all is necessary according to the statute.   Section 77 of

the Code of Civil Procedure; *Royal Bank of Canada* v. *A. McCormick & Co.,* 25 P.R.R. 112."

The order appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.